IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 99-51159

Summary Calendar

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                              versus

FRANCISCO JAVIER VASQUEZ-HERNANDEZ,

                                        Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Texas
(P-99-CR-231-ALL-FB)

---

April 18, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant Francisco Javier Vasquez-Hernandez appeals from his conviction of possession with intent to distribute marijuana. He contends solely that the district court erred in denying his motion to suppress because Border Patrol Agent Sergio Velasquez-Hernandez lacked reasonable suspicion to stop his vehicle.[1]

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] During the stop, Agent Sergio Velasquez-Hernandez observed through the rear window of the defendant's vehicle a blanket covering some large object in the back seat. He asked Vasquez-

When reviewing the denial of a motion to suppress, we view the facts in the light most favorable to the government. Viewed in this light, the evidence before the district court showed that Agent Velasquez-Hernandez had reasonable suspicion to stop the defendant.

Vasquez-Hernandez was stopped on Farm-to-Market Road (FM) 2810 between Ruidosa and Marfa, Texas, about 40 miles north of the border with Mexico. FM 2810 runs through a rugged, sparsely populated area of West Texas, and a portion of the road is unpaved. Travelers from Mexico or other parts of Texas are much more likely to take Highway 67 (which runs from Presidio) to Marfa.[2] Highway 67 is a larger highway, and it is paved along its entire length. There is an immigration checkpoint on Highway 67, however, and therefore FM 2810 is sometimes used by smugglers wishing to avoid the checkpoint. Agent Velasquez-Hernandez had twelve years of experience on the Border Patrol in the Marfa area and was familiar with the use of FM 2810 for smuggling.

---

Hernandez what was under the blanket. Vasquez-Hernandez replied that there were only blankets there. When Agent Velasquez-Hernandez returned to his vehicle, however, the defendant backed his truck rapidly towards him, causing him to get out of his vehicle for fear of being struck. He then ordered Vasquez-Hernandez to place his truck in park and asked again what was under the blanket. At this point Vasquez-Hernandez stated that drugs were under the blanket. Vasquez-Hernandez does not contest the legality of the search itself, but contends only that the initial stop, which led to the search, was illegal.

[2] There is no legal crossing from Mexico in the Ruidosa area.

At the time of the stop, Agent Velasquez-Hernandez knew that sensors had detected a crossing from Mexico near Ruidosa, and the timing of his spotting Vasquez-Hernandez's vehicle suggested that it had activated the sensors. Further, Agent Velasquez-Hernandez determined that the vehicle was not locally owned, and he believed that it was unlikely that an outsider would use this road on legitimate business. The vehicle was also traveling in tandem with another non-local vehicle, conduct consistent with drug smuggling.

Given the Border Patrol Agent's experience, the characteristics of the road, the proximity to the border, the timing of the vehicle's appearance after a border crossing was detected, the fact that the vehicle was not local, and the fact that it was traveling in tandem with another vehicle, we conclude that Agent Velasquez-Hernandez had reasonable suspicion to make the stop.[3]

AFFIRMED.


Wiener, Circuit Judge, dissents for the reasons expressed in his dissent in *United States v. Zapata-Ibarra*, 223 F.3d 281 (5th Cir. 2000).

---

[3] *United States v. Inocencio*, 40 F.3d 716, 722 (5th Cir. 1994), provides a list of factors this court has considered in assessing the reasonableness of a stop near the border.